This is a suit for damages in which it is alleged that Kenneth Young, an employee of Woodward-Wight Company, Ltd., negligently operated one of its trucks with the result that Whitney Ducote, an employee of Higgins Industries, Inc., was injured. The Maryland Casualty Company, Higgins' Insurance carrier, paid Ducote $930.53 as workmen's compensation, medical and hospital expenses. Ducote sued Woodward-Wight Company, Ltd., and its liability insurance carrier, General Accident, Fire and Accident Assurance Corporation, Ltd., for $15,464. The Maryland Casualty Company joined Ducote as co-plaintiff seeking to recover the amount paid Ducote by it.
The defendants denied that Kenneth Young was negligent and disclaimed all responsibility for the accident.
There was judgment below dismissing plaintiffs' suit and they have appealed.
On January 14, 1942, a large trailer, propelled by motor, was loaded by employees of the defendant Woodward-Wight Company with corrugated iron and sent to Higgins Industries, Inc., in charge of Kenneth Young. When Young reached the industrial canal plant of Higgins Industries, he stopped at the office of William J. O'Hare, the receiving clerk. O'Hare called three of Higgins' employees who were going home, their day's work being completed, and asked them if they would like to make some overtime by assisting in the unloading of the truck. Among these men was Whitney Ducote. O'Hare then told Young to follow him down to where he wanted the material unloaded. When O'Hare reached a point opposite a building under construction, he stopped Young and instructed him to back onto a level road which was alongside of the building and at a right angle with the main road that the truck was traveling on. Young demurred, stating that he thought the road too soft to bear the weight of the trailer, but he was assured by O'Hare that the road was safe. Young thereupon started backing the trailer on the road when his right rear wheel sunk in a soft spot causing the contents of the trailer to shift and severely injure Ducote's feet, Ducote in the meanwhile having gotten onto the trailer.
The charges of negligence imputed to Young consist in the allegation that he backed from a position of safety onto the *Page 645 
soft ground knowing that it was dangerous and in that Young and the other employees of Woodward-Wight Company failed to properly secure the freight on the trailer to prevent its shifting.
Young did not know that Ducote was on his truck. He testified to that effect and there is no evidence to the contrary. Ducote stated that he did not know whether Young knew he was there or not. He testified that he got on the truck when it was stopped at O'Hare's office, got off of it when it stopped near the side road and got back on before Young started backing it onto the side road. This procedure strikes us as being most unusual, and it is not explained by Ducote when he says that it was necessary for some one to be on the truck to shift the corrugated iron about in the process of unloading it. Moreover, Ducote's testimony is not too reliable as it appears that he made a statement shortly after the accident to an insurance adjuster which differs substantially from his testimony.
[1] The charge that Young was negligent in moving from a place of safety to one which he knew to be unsafe is without foundation. It is true that he questioned the solidity of the side road before backing onto it, but when told by O'Hare, Higgins' receiving clerk, that two trucks had gone over the road that day and that it was safe, he was justified in obeying the instructions of one who should have known much more about the safety of the road than he did. Young testified that O'Hare told him: " 'I want you to back in there and unload where they building that building.' I told him, 'That road looks kind of bad; I don't know if it will hold the weight up on it.' He said, 'I am sure it will hold it because we had a couple of trucks go over that road.' I pulled up a little ways and started back and backed towards the river, and all of a sudden all the wheels sunk down in the ground."
Young also testified that he was told by his employer to "take instructions from the people we are making delivery to".
O'Hare admits that he directed Young to back onto the dirt road.
[2] In regard to the manner of loading the truck Milo J. Perrier, an employee of Woodward-Wight Company, who had been engaged in similar work for seventeen years, testified that he had always loaded the iron in the same way, that is to say, with four stacks, two on each side and a space in the center, just as this truck was loaded. These stacks, according to Perrier, are about 15 inches high and 26 inches wide and are held in place by the deep grooves or corrugations in the iron, in addition to iron bands on each bundle. Moreover, it was not contemplated that there should be any one in the trailer and, if Ducote had waited until the truck had been finally placed or "spotted" before climbing into it there would have been no accident of this character. We do not believe that Woodward-Wight Company or its employees can be charged with negligent loading of the trailer.
Our conclusion is that the judgment of the trial court is correct, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 738